■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERTO BERMUDEZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 25, 1970, convicting him of attempted burglary in the third degree, upon his plea of guilty, and sentencing him to State prison for an indefinite term not to exceed four years, dismissed as moot. The only claim raised on this appeal is that defendant's sentence could be reduced to time served, in the interests of justice, since it is expected that he will be deported upon his release. However, the records indicate that defendant was paroled on July 20, 1971 and was deported to Colombia on October 2, 1971. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN BLAKE, Appellant.— Judgment of the Supreme Court, Kings County, rendered June 29, 1970, which resentenced defendant *nunc pro tunc* as of January 17, 1962 to a term of imprisonment of from 3 to 10 years, affirmed. The question whether defendant's maximum release date has been improperly extended by the Department of Correctional Services cannot be raised on this appeal from the judgment of conviction. If the Department of Correctional Services has miscalculated defendant's jail term, his proper remedy would be an article 78 proceeding directed to that department. We have examined defendant's other contention and find it to be without merit. Accordingly, the judgment of conviction should be affirmed. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAY BROVENDER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 1, 1971, convicting him of criminal possession of a dangerous drug in the sixth degree, upon his plea of guilty, and sentencing him to a term of one year. Judgment modified, in the interests of justice, by changing the sentence to probation for a period of three years. As so modified, judgment affirmed. In our opinion, defendant's otherwise untarnished record, his efforts at rehabilitation while on bail, and the sentence of probation given to a codefendant, indicate that imprisonment is not warranted in this case. Defendant should accordingly have been sentenced to a three-year period of probation. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.