■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHN DUNNE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered April 18, 1977, convicting him of attempted sexual abuse in the first degree, upon a guilty plea, and imposing sentence. Case remanded to the Criminal Term to hear and report on the issue of whether the defendant was denied a speedy trial, to be held before a Judge other than the one who presided at the plea and sentence, and appeal held in abeyance in the interim. No hearing was held at Criminal Term on the speedy trial issue, and the present record is inadequate (see *People v Bakun,* 62 AD2d 1062). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE GROOM, Appellant.—Appeal by defendant, as limited by her motion, from a sentence of the Supreme Court, Westchester County, imposed April 14, 1977. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LYON, Also Known as THOMAS ARTHUR LYON, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Suffolk County, imposed December 13, 1976. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NYEMCHEK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 30, 1977, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have not passed upon defendant's claim that he is entitled to credit for time served from July 22, 1977 until November 30, 1977. Such relief would properly be sought by means of a CPLR article 78 proceeding (see *People v Pugh,* 51 AD2d 1047). Defendant's other points are without merit (see CPL 140.10, subd 3; *People v Fudge,* 58 AD2d 952; *People ex rel. Cherry v Deegan,* 32 AD2d 792). Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAGAN, Appellant.—Judgment of the Supreme Court, Queens County, rendered March 15, 1977, affirmed, on the opinion of Mr. Justice Lerner at Criminal Term, made following the hearing on defendant's motion to suppress evidence. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.