■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE VIVENZIO, Appellant. — Upon remittitur from the Court of Appeals, facts reviewed and judgment affirmed. Memorandum: The prosecution presented sufficient evidence to justify the jury's finding that defendant attempted illegally to enter O'Toole's Tavern with the intent to commit larceny therein. Defendant was apprehended in the doorway of the bar at 4:50 A.M. with burglar's tools in his pockets. There was evidence of fresh pry marks around the lock on the door. Defendant's intent may be inferred from the circumstances of the breaking and entering (*People v Barnes,* 50 NY2d 375; *People v Wright,* 92 AD2d 722; *People v Terry,* 43 AD2d 875). The pool table and video games in the bar were coin

operated and the jury could have reasonably inferred that defendant had a larcenous intent when he was arrested (*People v Mackey,* 49 NY2d 274, 279-280). Additionally, no prejudice to defendant resulted from the brief, inadvertent viewing by the jury of defendant in leg irons and handcuffs, inasmuch as defendant's counsel informed the jury during *voir dire* that defendant was incarcerated (*People v Harper,* 47 NY2d 857). Finally, defendant's contention that he is entitled to jail-time credit is not properly reviewable on an appeal from the judgment of conviction. Defendant does not raise any issue with respect to the propriety of the sentence itself. Rather, the reduction he seeks is based upon a credit of jail time to be applied to his sentence pursuant to subdivision 3 of section 70.30 of the Penal Law. Defendant's proper remedy is by way of a CPLR article 78 proceeding to review the prison authorities' calculation of his jail-time credit (*People v Walters,* 91 AD2d 843; *People v Blake,* 39 AD2d 587). Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.