■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CURTIS, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Vinik J.), rendered April 4, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The police intervened in a dispute between the defendant and his girlfriend. A gun was recovered after a policeman saw the defendant throw it under a bed in the couple's apartment.

The defendant claims error in the admission into evidence of testimony by his girlfriend's son who reported seeing the defendant possess a gun on previous occasions. Contrary to the defendant's claim, this testimony was admissible in that it constituted proof of the continuous crime of criminal possession of a weapon in the third degree. As noted in *Matter of Johnson v Morgenthau* (69 NY2d 148), continual possession of a weapon is only one crime. Unless there is an intermittent abandonment, a continuing offense such as long-term possession of a weapon can support only one prosecution. Therefore, the witness's testimony did not relate to previous uncharged crimes but to the one for which the defendant was being prosecuted.

The defendant also challenges the legal sufficiency of the evidence against him and alleges that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also claims he should be given jail time credit for time he served in California. This issue is not properly before this court on direct appeal of his conviction (CPL 450.10 *et seq.).* The proper remedy is by way of a proceeding pursuant to CPLR article 78 to review the calculation of his jail time credit, if any, by the New York State Department of Correction *(People v Vivenzio,* 103 AD2d 1044; *People v Blake,* 39 AD2d 587).

We have also considered the defendant's other claims of error and find them to be without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.