THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. PERSON, Appellant. [684 NYS2d 367] —Judgment unanimously affirmed. Memorandum: Defendant contends that his waiver of indictment was ineffective because he had not been held for Grand Jury action at the time he executed the waiver (*see,* CPL 195.10 [1] [a]). The record does not support that contention. "Where, as here, the record of the plea proceedings indicates that the court was satisfied with the sufficiency of the waiver and that it executed an order to that effect (*see,* CPL 195.30), we may presume that the matter was properly before it" (*People v McCarthy,* 186 AD2d 1067, *lv denied* 81 NY2d 843; *see, People v Chad S.,* 237 AD2d 986, *lv denied* 90 NY2d 856; *People v Washington,* 138 AD2d 857, 858). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see,* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665; *People v Hill* 254 AD2d 726). Finally, the contention that defendant is entitled to

credit for jail time served on his violation of probation conviction is not properly before this Court on direct appeal from the judgment of conviction (*see, People v Searor*, 163 AD2d 824, *lv denied* 76 NY2d 896; *People v Curtis*, 143 AD2d 1030, *lv denied* 73 NY2d 890). A proceeding pursuant to CPLR article 78 to review the prison authorities' calculation of defendant's jail time credit is the appropriate procedural vehicle for raising that contention (*see, People v Searor, supra; People v Curtis, supra; People v Vivenzio*, 103 AD2d 1044, 1045). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.