■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL PIPER, Appellant. [804 NYS2d 52]—

Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered March 28, 2000, convicting defendant, after a jury trial, of criminal sale of a firearm in the third degree (16 counts) and criminal possession of a weapon in the third degree (eight counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of an uncharged firearms transaction (*see e.g. People v Till,* 87 NY2d 835 [1995]). The testimony went to the issue of identity, an issue still alive at the time the People offered the testimony, and was also relevant to the contested issue of whether defendant knew that firearms were being sold in certain charged transactions. The probative value of the evidence outweighed its potential for prejudice (*People v Alvino,* 71 NY2d 233, 241 [1987]).

The court properly declined to charge entrapment. There was no reasonable view of the evidence, viewed most favorably to defendant, that he was actively induced to engage in criminal activity, rather than merely being afforded an opportunity to commit the charged crimes (*see* Penal Law § 40.05; *People v Brown,* 82 NY2d 869 [1993]). The police testimony was that defendant engaged in salesman-like behavior throughout this undercover operation, and there was nothing in defendant's testimony to support an entrapment defense.

Defendant's challenges to a detective's testimony concerning a conversation he had with the codefendant, and to the court's limiting instruction, are unpreserved (*People v Fleming,* 70

NY2d 947 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the testimony was properly admitted since a prima facie case that defendant and his codefendant acted in concert was established without resort to the testimony (*see People v Bac Tran*, 80 NY2d 170 [1992]; *People v Salko,* 47 NY2d 230 [1979]), and we would find that the court's limiting instruction was sufficient.

The record establishes that defendant received effective assistance of counsel under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication in the record that a timely speedy trial motion would have been successful.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.