THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY KOZIEL, Appellant. [817 NYS2d 840]—

Appeal from a judgment of the Livingston County Court (Gerard J. Alonzo, Jr., J.), rendered August 26, 2004. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree (two counts), menacing in the second degree (two counts) and reckless driving.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of two counts each of reckless endangerment in the first degree (Penal Law § 120.25) and menacing in the second degree (§ 120.14 [1]) and one count of reckless driving (Vehicle and Traffic Law § 1212). We reject the contention of defendant that she received ineffective assistance of counsel (see

*generally People v Baldi*, 54 NY2d 137, 147 [1981]). The record establishes that defense counsel effectively cross-examined one of the victims in this case despite his familiarity with the victim. Contrary to the further contention of defendant, County Court did not abuse its discretion in precluding her from introducing certain photographs in evidence as a sanction for her failure to provide those photographs to the People pursuant to their demand (*see generally People v Jenkins*, 98 NY2d 280, 284 [2002]). Although the court's ruling applied to all but one of the photographs, the photograph to which the ruling did not apply was highly relevant to the defense. The court also properly permitted the People to introduce evidence of a prior bad act committed by defendant. That evidence was relevant to establish the identity of defendant as the perpetrator, and the probative value of that evidence outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Piper*, 21 AD3d 815 [2005], *lv denied* 5 NY3d 884 [2005]; *People v Sachs*, 15 AD3d 1005, 1006 [2005], *lv denied* 5 NY3d 768 [2005]). "Moreover, the court's instructions to the jury regarding the limited purpose of the evidence avoided any prejudicial effect" (*People v Laverpool*, 267 AD2d 93, 94 [1999], *lv denied* 94 NY2d 904 [2000]; *see People v Wilson*, 225 AD2d 642 [1996], *lv denied* 88 NY2d 943 [1996]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.