The People of the State of New York, Respondent, v Donald J. Robinson, Appellant. [833 NYS2d 814]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 26, 1996. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the first degree (Penal Law § 140.30 [3]) and robbery in the first degree (§ 160.15 [3]), defendant contends that he was denied his right to effective assistance of counsel because, inter alia, each of the three assistant public defenders who represented him during the proceedings failed to request a mental competency examination pursuant to CPL article 730. That contention does not survive either the plea of guilty or defendant's waiver of the right to appeal because " '[t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Barnes*, 32 AD3d 1250, 1251 [2006]; *see People v Leonard*, 37 AD3d 1148 [2007]).

In any event, we conclude that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). The record establishes that his attorneys were familiar with the facts of his case and the relevant law (*see People v Droz*, 39 NY2d 457, 462 [1976]). The record further establishes that defendant understood the proceedings against him, assisted in his own defense, was experienced with the criminal justice system, and had taken his medication at the time of the plea. " 'A history of prior mental illness or treatment does not itself call into question defendant's competence' . . . [, and t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (*People v Williams*, 35 AD3d 1273, 1275 [2006]). Thus, defendant was not denied effective assistance of counsel based on the failure of his attorneys to request a mental competency examination (*see People v Douglas*, 26 AD3d 522, 524 [2006], *lv denied* 7 NY3d 847 [2006]). Finally, the fact that 10 years elapsed before defendant's appeal was perfected is unrelated to the representation received by defendant in connection with the entry of his plea. Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.