■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL M. MEAD, Also Known as "BAM," Appellant. [838 NYS2d 303]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 8, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and making an apparently sworn false statement in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), and making an apparently sworn false statement in the second degree (§ 210.35). Contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the murder and weapon possession counts, two prosecution witnesses testified that they saw defendant pull out a gun and fire it at the victim. Another prosecution witness testified that she heard gunshots and then observed the victim lying on the ground and defendant holding a gun. With respect to the false statement count, the People presented evidence that defendant signed a statement indicating that he was at another location during the entire day of the murder, after the police had informed him that he was signing the statement under penalty of perjury, and a prosecution witness testified that defendant was not present at the other location that

day. "The jury was entitled to resolve issues of credibility in favor of the People" (*People v Walek*, 28 AD3d 1246, 1246 [2006], *lv denied* 7 NY3d 764 [2006]), and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the photograph of the victim's body was improperly admitted in evidence because its sole purpose was to inflame the jury. We reject that contention. "The general rule is that photographs of the deceased are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence" (*People v Pobliner*, 32 NY2d 356, 369 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). Here, the photograph demonstrates the position and location of the victim's body and thus was properly admitted in evidence.

We also reject the contention of defendant that the pretrial photo array was unduly suggestive because he wore a red T-shirt, and the other men depicted in the array wore white or gray T-shirts. Defendant concedes that the men in the photo array were similar in age, race, gender and hairstyle, and we conclude that the court properly determined that the photo array was not unduly suggestive (*see People v Ofield*, 280 AD2d 978, 979 [2001], *lv denied* 96 NY2d 832 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.