THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND WILLIAMS, Appellant. [850 NYS2d 321]—

Appeal from a judgment of the Livingston County Court (Joan S. Kohout, A.J.), rendered January 31, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the fourth degree and attempted petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the third degree (Penal Law § 140.20). We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). To the extent that defendant's contention concerns matters in the record before us, we conclude that defendant failed to meet his burden of "demonstrat[ing] the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcomings (*People v Garcia*, 75 NY2d 973, 974 [1990]). To the extent that defendant's contention concerns defense counsel's failure to offer in evidence 911 tapes, certain telephone records and testimony concerning the presence or absence of injury to defendant's legs after defendant's arrest are based on facts dehors the record, those failures must be raised by a motion pursuant to CPL article 440 (*see People v Jackson*, 4 AD3d 773, 774 [2004], *lv denied* 2 NY3d 801 [2004]).

Defendant failed to preserve for our review his contention that the evidence with respect to the burglary count is legally insufficient (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that the verdict is not against the weight of the evidence (*see generally id.*). The jury was entitled to credit the testimony of the People's witnesses, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Mead*, 41 AD3d 1306, 1307 [2007], *lv denied* 9 NY3d 963 [2007]).

We reject the further contention of defendant that County Court erred in refusing to admit in evidence a portion of his medical records. The People objected to the admission of that evidence pursuant to CPL 240.30 (1) (a), and we conclude that the court properly refused to admit that portion of the medical records in evidence pursuant to CPL 240.70 (1), as a sanction for defendant's failure to provide the People with reciprocal discovery (*see People v Koziel*, 31 AD3d 1208, 1209 [2006], *lv denied* 7 NY3d 813 [2006]; *see generally People v Jenkins*, 98 NY2d 280, 284 [2002]).

Although we agree with defendant that the court erred in denying his request for a circumstantial evidence charge, we conclude that the error is harmless. "The evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the court's failure to charge the jury with respect to circumstantial evidence" (*People v Owens*, 39 AD3d 1260, 1261-1262 [2007], *lv denied* 9 NY3d 849 [2007]; *see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.