■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA D. HAMILTON, Appellant. [872 NYS2d 307]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 30, 2005. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a forged instrument in the second degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). The contention of defendant that she was denied effective assistance of counsel does not survive her guilty plea because "[t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267 [2007], *lv denied* 9 NY3d 869 [2007] [internal quotation marks omitted]; *see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). In any event, that contention concerns matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Williams*, 48 AD3d 1108, 1109 [2008], *lv denied* 10 NY3d 872 [2008]; *People v Jackson*, 4 AD3d 773 [2004], *lv denied* 2 NY3d 801 [2004]). Finally, the sentence is not unduly harsh or severe. Present— Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.