# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**281**
**KA 09-00436**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANTHONY ATTEA, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DOUGLAS A. GOERSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered October 8, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the third degree (Penal Law § 165.50). Contrary to defendant's contention, the plea was not jurisdictionally defective (*cf. People v Zanghi*, 79 NY2d 815). Defendant was arrested for criminal possession of stolen property in the fourth degree and was issued an appearance ticket directing him to appear in Buffalo City Court (*see* CPL 150.20 [2]). A felony complaint was filed in City Court, the appropriate local court, with respect to that charge (*see* CPL 150.50 [1]), and a warrant was issued for defendant's arrest when he failed to appear (*see* CPL 150.60). Defendant was thereafter arrested on an unrelated charge and was held on the warrant issued on the charge of criminal possession of stolen property in the fourth degree. The local court held defendant for the action of a grand jury on that charge (*see* CPL 180.30 [1]). As part of a plea bargain in County Court that included defendant's waiver of the right to appeal and the People's agreement not to seek persistent felony offender status, defendant agreed to waive presentation to the grand jury and to plead guilty to a superior court information (SCI) charging him with criminal possession of stolen property in the third degree (*see* CPL 195.10 [1] [a]). Inasmuch as defendant was not held for the action of a grand jury on that offense, the court lacked jurisdiction to accept the plea to a higher charge (*see People v Pierce*, 14 NY3d 564, 568-571; *Zanghi*, 79 NY2d at 817). The People therefore filed a new felony complaint charging defendant with criminal possession of stolen property in the

third degree and requested that County Court exercise its discretion to sit as a local criminal court to arraign defendant on the new felony complaint (*see* CPL 10.20 [3] [a]), and County Court granted that request.

We reject defendant's contention that the court lacked jurisdiction to accept his plea to the SCI because he had not been "arrested" prior to his arraignment on the felony complaint charging him with criminal possession of stolen property in the third degree. A superior court is mandated to sit as a local court to arraign a defendant on a felony complaint if the defendant is brought before it following his or her arrest (*see* CPL 180.20 [2]); however, we reject defendant's contention that the court's jurisdiction is determined by whether the defendant was actually arrested on the felony complaint. Here, we conclude that the court properly exercised its discretion pursuant to CPL 10.20 (3) (a) to sit as a local court in order to arraign defendant on the felony complaint, and defendant was therefore held for the action of the grand jury of the appropriate superior court (*see* CPL 180.30 [1]).  The plea entered in the superior court, i.e., County Court, thus properly comported with the requirements of CPL 195.20.

To the extent that defendant's contention that he was denied effective assistance of counsel survives the plea (*see People v Hamilton*, 59 AD3d 973, *lv denied* 12 NY3d 854; *People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851), we conclude that it is without merit (*see generally People v Ford*, 86 NY2d 397, 404).  We have reviewed defendant's remaining contention and conclude that it is without merit.

All concur except CENTRA and CARNI, JJ., who dissent and vote to reverse in accordance with the following Memorandum:  We respectfully disagree with the conclusion of our colleagues that County Court had jurisdiction to accept defendant's plea to the superior court information (SCI).  We therefore dissent.

Contrary to the theory advanced by the People, the instances in which a superior court may sit as a local court for purposes of arraignment are defined by statute and are limited in nature. Specifically, CPL 10.20 (3) (a) provides in relevant part that "[s]uperior court judges may, in their discretion, sit as local criminal courts for the . . . purposes . . . [of] conducting arraignments, as provided in" CPL 180.20 (2).  Contrary to the view espoused by the majority, superior court judges do not have unlimited discretion to decide when and under what circumstances they may sit as local criminal courts inasmuch as their discretion is limited by CPL 10.20 (3) (a).

Pursuant to CPL 180.20 (2), "[w]hen a defendant arrested by a police officer for a felony has been brought before a superior court judge sitting as a local criminal court for arraignment upon a felony criminal complaint charging such felony, such judge must, as a local criminal court, arraign the defendant upon such felony complaint." Here, it is undisputed that defendant was not arrested with respect to

the second felony complaint.  Thus, CPL 180.20 (2) is not applicable, and the SCI is jurisdictionally defective.

We would therefore reverse the judgment, vacate defendant's plea, dismiss the SCI and remit the matter to County Court for proceedings pursuant to CPL 470.45.

Entered:  May 6, 2011                    Patricia L. Morgan
                                         Clerk of the Court