■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE P. WHITE, Appellant. [925 NYS2d 915]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered May 25, 2010, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

Defendant was indicted on charges of criminal possession of a weapon in the second degree (two counts), attempted assault in the first degree, attempted murder in the second degree, reckless endangerment in the first degree, perjury in the first degree and criminal possession of a weapon in the third degree. He subsequently pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree, in full satisfaction of the charges, and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea. County Court denied the motion and sentenced him, as a second felony offender, to the agreed-upon term of imprisonment of five years, to be followed by five years of postrelease supervision. Defendant appeals.

Defendant contends that his plea was involuntarily entered due to a lack of understanding that a requirement of the plea agreement was that he cooperate with the People by answering questions concerning an unrelated matter. Although this contention survives his waiver of the right to appeal and was preserved by his motion to withdraw his plea (*see People v Ortiz*, 69 AD3d 966, 967 [2010]), it is nevertheless without merit. A review of the plea colloquy reveals that defendant was fully aware of the

cooperation component of the plea agreement and expressed his understanding of it prior to pleading guilty. Inasmuch as the record reflects that defendant understood the nature and consequences of his plea, including the rights he was relinquishing, attested that he was not under the influence of any medications and was not coerced into pleading guilty and thereafter freely admitted his guilt, we find that defendant's plea was knowing, voluntary and intelligent (*see People v Morrishaw*, 56 AD3d 895, 896 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Wyant*, 47 AD3d 1068, 1069 [2008], *lv denied* 10 NY3d 873 [2008]). Finally, although defendant's claim that he was deprived of the effective assistance of counsel, insofar as it affects the voluntariness of his plea, is properly before us, we find it unpersuasive. The record demonstrates that defendant was afforded meaningful representation in that he " 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.