■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL F. ATKINSON, Also Known as PAUL FRANCIS ATKINSON, Also Known as PAUL ATKINSON, Appellant. [963 NYS2d 884]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 20, 2011. The judgment convicted defendant, upon his plea of guilty, of arson in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of arson in the second degree (Penal Law § 150.15), defendant contends that he was denied effective assistance of counsel because defense counsel failed to seek suppression of tangible evidence and his statement to the police and to advise him of certain rights forfeited as a consequence of his plea. That contention survives his guilty plea only insofar as he asserts that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267 [2007], *lv denied* 9 NY3d 869 [2007] [internal quotation marks omitted]; *see People v Culver*, 94 AD3d 1427, 1427-1428 [2012], *lv denied* 19 NY3d 1025 [2012]; *People v Bethune*, 21 AD3d 1316, 1316 [2005], *lv denied* 6 NY3d 752 [2005]; *see also People v Strickland*, 103 AD3d 1178 [2013]). Defendant's contention with respect to ineffective assistance of counsel, however, concerns matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see Strickland*, 103 AD3d at 1178; *see also People v Williams*, 48 AD3d 1108, 1109 [2008], *lv denied* 10 NY3d 872 [2008]). The further contention of defendant that his plea was not knowingly, intelligently or voluntarily entered is not preserved for our review because defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Montanez*, 89 AD3d 1409, 1409 [2011]; *People v Connolly*, 70 AD3d 1510, 1511 [2010], *lv denied* 14 NY3d 886 [2010]). In any event, we conclude that defendant understood the nature and consequences of the plea and that it was knowingly, intelligently and voluntarily entered (*see People v White*, 85 AD3d 1493, 1494 [2011]; *People v Watkins*, 77 AD3d 1403, 1403-1404 [2010], *lv denied* 15 NY3d 956 [2010]). Defendant's contention that he was not credited for jail time that he served before entering his plea is not properly raised on direct appeal from the judgment of conviction and instead the proper procedural vehicle is a CPLR article 78 proceeding (*see People v Person*, 256 AD2d 1232, 1232-1233 [1998], *lv denied* 93 NY2d 856 [1999]; *People v Searor*, 163 AD2d 824, 824 [1990], *lv denied* 76 NY2d 896 [1990]). Finally, under the circumstances here, the

sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Carni, Valentino and Martoche, JJ.