# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**205**
**KA 12-00359**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PAUL F. ATKINSON, ALSO KNOWN AS PAUL FRANCIS
ATKINSON, ALSO KNOWN AS PAUL ATKINSON,
DEFENDANT-APPELLANT.

---

KELIANN M. ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered December 20, 2011. The judgment convicted
defendant, upon his plea of guilty, of arson in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his
plea of guilty of arson in the second degree (Penal Law § 150.15),
defendant contends that he was denied effective assistance of counsel
because defense counsel failed to seek suppression of tangible
evidence and his statement to the police and to advise him of certain
rights forfeited as a consequence of his plea. That contention
survives his guilty plea only insofar as he asserts that "the plea
bargaining process was infected by [the] allegedly ineffective
assistance or that defendant entered the plea because of his
attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d
1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted];
*see People v Culver*, 94 AD3d 1427, 1427-1428, *lv denied* 19 NY3d 1025;
*People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752; *see also
People v Strickland*, 103 AD3d 1178, ___). Defendant's contention with
respect to ineffective assistance of counsel, however, concerns
matters outside the record and thus must be raised by way of a motion
pursuant to CPL article 440 (*see Strickland*, 103 AD3d at ___; *see also
People v Williams*, 48 AD3d 1108, 1109, *lv denied* 10 NY3d 872). The
further contention of defendant that his plea was not knowingly,
intelligently or voluntarily entered is not preserved for our review
because defendant failed to move to withdraw the plea or to vacate the
judgment of conviction on that ground (*see People v Montanez*, 89 AD3d
1409, 1409; *People v Connolly*, 70 AD3d 1510, 1511, *lv denied* 14 NY3d
886). In any event, we conclude that defendant understood the nature

and consequences of the plea and that it was knowingly, intelligently and voluntarily entered (*see People v White*, 85 AD3d 1493, 1494; *People v Watkins*, 77 AD3d 1403, 1403-1404, *lv denied* 15 NY3d 956). Defendant's contention that he was not credited for jail time that he served before entering his plea is not properly raised on direct appeal from the judgment of conviction and instead the proper procedural vehicle is a CPLR article 78 proceeding (*see People v Person*, 256 AD2d 1232, 1232-1233, *lv denied* 93 NY2d 856; *People v Searor*, 163 AD2d 824, 824, *lv denied* 76 NY2d 896). Finally, under the circumstances here, the sentence is not unduly harsh or severe.