# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**828**

**KA 12-00501**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

            V                      MEMORANDUM AND ORDER

CHRISTOPHER J. FEIDNER, DEFENDANT-APPELLANT.

---

KELIANN M. ARGY-ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 22, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant's contention that he was denied effective assistance of counsel does not survive his guilty plea because "[t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]). Even assuming, arguendo, that defendant purported to preserve for appellate review his challenge to the legal sufficiency of the evidence, we would not entertain that challenge on this appeal from the judgment entered upon his guilty plea; indeed, "it would be logically inconsistent to permit a defendant to enter a plea of guilty based on particular admitted facts, yet to allow that defendant contemporaneously to reserve the right to challenge on appeal the sufficiency of those facts to support a conviction, had there been a trial" (*People v Plunkett*, 19 NY3d 400, 405-406). Moreover, we agree with the People that defendant's challenge to the weight of the evidence is "inapplicable" inasmuch as he was convicted upon his plea of guilty, rather than upon a verdict following a trial (*cf. People v Danielson*, 9 NY3d 342, 349). Finally, the sentence is not unduly harsh or severe.

Entered: September 27, 2013                    Frances E. Cafarell
                                            Clerk of the Court