The People of the State of New York, Respondent,
against
William Witcher, Appellant.



Appeal from five judgments of the Criminal Court of the City of New York, Queens County (Gene R. Lopez, J.), rendered April 30, 2013. The judgments convicted defendant, upon his pleas of guilty, of endangering the welfare of a child, two charges of assault in the third degree, and two charges of bail jumping in the third degree, respectively.




ORDERED that the judgments of conviction are affirmed.
Defendant was initially charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]) for allegedly punching his sister in the head on May 23, 2012 and, in another accusatory instrument, with endangering the welfare of a child (Penal Law § 260.10 [1]) and attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) for attempting to punch his niece in the face between May 23 and May 24, 2012. After the Criminal Court released defendant on his own recognizance, he failed to appear in court for his scheduled court dates in connection with these two dockets. As a result, he was thereafter charged, in two separate accusatory instruments, with bail jumping in the third degree (Penal Law § 215.55). Additionally, defendant was arrested and charged in a fifth accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]), criminal obstruction of breathing or blood (Penal Law § 121.11 [a]), and endangering the welfare of a child (Penal Law § 260.10 [1]) for allegedly choking his niece on November 19, 2012. Through his counsel, defendant pleaded guilty to endangering the welfare of a child, two charges of assault in the third degree, and two charges of bail jumping in the third degree in satisfaction of all five accusatory instruments. He received bargained-for sentences of three concurrent terms of 60 days' incarceration and two concurrent terms of three years' probation, with 60 days' incarceration as a condition of each term. On appeal, defendant contends that he received multiple punishments on his separate convictions for two charges of bail jumping in the third degree, which were based on his failure to appear at a single court date, thereby violating the statutory and constitutional prohibitions against double jeopardy, and that the court imposed an unlawful sentence by failing to reduce his probation to account for the fact that, at the time of sentencing, he had already served his entire term of imprisonment. 
Defendant's double jeopardy claims are not preserved for appellate review (see People v Biggs, 1 NY3d 225, 231 [2003] [recognizing that a statutory double jeopardy claim is not exempt from the requirement of preservation]; People v Gonzalez, 99 NY2d 76, 82-83 [2002] [recognizing that a constitutional double jeopardy claim premised on the protection against [*2]multiple punishments for the same offense is not exempt from the requirement of preservation]), and we decline to reach it in the interest of justice.
Since defendant's sentences fall within the limits set forth by the Penal Law (Penal Law §§ 60.01 [2] [d]; 65.00 [3] [b] [i]; 70.15 [1]; see also Matter of Pirro v Angiolillo, 89 NY2d 351, 353 [1996]), they were lawful. Defendant's claim regarding jail-time credit is not properly before this court on direct appeal from the judgments of conviction (see CPL 450.10; People v Searor, 163 AD2d 824 [1990]; People v Curtis, 143 AD2d 1030 [1988]; People v Leonard, 133 AD2d 938 [1987]; People v Blake, 39 AD2d 587 [1972]). Rather, defendant's proper remedy is by way of a proceeding pursuant to CPLR article 78 to review the appropriate prison authority's calculation of the jail-time credit to which he claims entitlement (see Curtis, 143 AD2d at 1030; People v Vivenzio, 103 AD2d 1044 [1984]; Blake, 39 AD2d at 587).
Accordingly, the judgments of conviction are affirmed.
The decision and order of this court dated September 17, 2015 (49 Misc 3d 135[A], 2015 NY Slip Op 51473[U]) are hereby recalled and vacated (see motion decided simultaneously herewith).
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: April 28, 2016