People v Paulin (2018 NY Slip Op 03379)





People v Paulin


2018 NY Slip Op 03379


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-12409
 (Ind. No. 10048/10)

[*1]The People of the State of New York, respondent,
v
Rakim Paulin, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 27, 2016, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant previously appealed from a judgment rendered June 29, 2011, convicting him of, among other crimes, criminal sale of a controlled substance in the third degree. This Court reversed that judgment of conviction and ordered a new trial (see People v Paulin, 140 AD3d 985). The defendant subsequently agreed to plead guilty to one count of criminal possession of a controlled substance in the fifth degree in exchange for a promised sentence of 2½ years of imprisonment plus 1 year of postrelease supervision. In the judgment appealed from, rendered October 27, 2016, the County Court imposed the promised sentence of 2½ years of imprisonment plus 1 year of postrelease supervision.
The defendant contends that the County Court erred in imposing a 1-year period of postrelease supervision at sentencing, because he had already served 6 years of imprisonment pursuant to the judgment rendered June 29, 2011. Contrary to the defendant's contention, the court properly imposed the sentence of 2½ years of imprisonment plus 1 year of postrelease supervision at the sentencing proceeding (see Penal Law §§ 70.30[3], [5]; 70.45[1]; cf. People v Marinaccio, 297 AD2d 754, 755). To the extent that the defendant contends that he is entitled to credit for the time he served in prison pursuant to the judgment rendered June 29, 2011, his contention is not properly before this Court on direct appeal from the judgment rendered October 27, 2016 (see People v Person, 256 AD2d 1232, 1232-1233; People v Searor, 163 AD2d 824; People v Curtis, 143 AD2d 1030, 1030; People v Vivenzio, 103 AD2d 1044, 1045; People v Walters, 91 AD2d 843; People v Nyemchek, 67 AD2d 735; People v Blake, 39 AD2d 587). Rather, any such argument must be raised "by way of a proceeding pursuant to CPLR article 78" (People v Curtis, 143 AD2d at 1030; see People v Searor, 163 AD2d 824; People v Walters, 91 AD2d 843; People v Pugh, 51 AD2d 1047).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court