People v Lundy (2018 NY Slip Op 06665)





People v Lundy


2018 NY Slip Op 06665


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1030 KA 15-00599

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DRON LUNDY, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 21, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Contrary to defendant's contention, we conclude that he received effective assistance of counsel. Defendant failed to " demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Bank, 129 AD3d 1445, 1447 [4th Dept 2015], affd 28 NY3d 131 [2016], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]).
Defendant failed to preserve for our review his contention that the photo array from which a witness identified the codefendant, defendant's brother, was unduly suggestive, thereby tainting the witness's subsequent identification of defendant (see People v Evans, 137 AD3d 1683, 1683 [4th Dept 2016], lv denied 27 NY3d 1131 [2016]; People v Carson, 126 AD3d 1537, 1538 [4th Dept 2015], lv denied 26 NY3d 927 [2015]; People v Bakerx, 114 AD3d 1244, 1247-1248 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]). In any event, the contention is without merit. The record is devoid of evidence that any alleged suggestiveness in the photo array containing codefendant's photograph rendered the subsequent identification procedure in which the witness identified defendant unduly suggestive. Moreover, although codefendant was the only person depicted in a red shirt in the photo array, it was "not so distinctive as to be conspicuous, particularly since the other individuals [in the photo array] were dressed in varying, nondescript apparel" (People v Sullivan, 300 AD2d 689, 690 [3d Dept 2002], lv denied 100 NY2d 587 [2003]; see also People v Mead, 41 AD3d 1306, 1307 [4th Dept 2007], lv denied 9 NY3d 963 [2007]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). "[R]esolution of issues of credibility and the weight to be accorded to the evidence are primarily questions to be determined by the jury" (People v Reed, 163 AD3d 1446, 1448-1449 [4th Dept 2018]), and we perceive no basis for disturbing the jury's determinations in this case, particularly with respect to the eyewitness testimony about the shooting as well as the testimony regarding defendant's subsequent statements about the incident.
Defendant did not object to any of the alleged instances of prosecutorial misconduct during the prosecutor's opening statement or summation, and he therefore failed to preserve for [*2]our review his contention that he was thereby deprived of a fair trial (see People v Lane, 106 AD3d 1478, 1480 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; People v Rumph, 93 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 967 [2012]). In any event, that contention lacks merit. "[T]he prosecutor's closing statement must be evaluated in light of the defense summation, which put into issue the [witnesses'] character and credibility and justified the People's response" (People v Halm, 81 NY2d 819, 821 [1993]). Even assuming, arguendo, that any of the prosecutor's comments during the opening or closing statements exceeded the bounds of propriety, we conclude that they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013] [internal quotation marks omitted]; see People v Miller, 104 AD3d 1223, 1223-1224 [4th Dept 2013], lv denied 21 NY3d 1017 [2013]). Finally, the sentence imposed is not unduly harsh or severe.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court