People v LaCross (2019 NY Slip Op 06944)





People v Lacross


2019 NY Slip Op 06944


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


884 KA 15-01393

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH M. LACROSS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 16, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). We reject defendant's contention that the photo array from which a witness identified him was unduly suggestive, thereby tainting that witness's subsequent in-court identification of defendant. "[A]lthough [ ]defendant was the only person depicted in a red shirt in the photo array, it was not so distinctive as to be conspicuous' " (People v Lundy, 165 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; see People v Mead, 41 AD3d 1306, 1307 [4th Dept 2007], lv denied 9 NY3d 963 [2007]).
Defendant's challenge to the legal sufficiency of the evidence with respect to whether he used or threatened to use a dangerous instrument is also without merit. "[T]he victim's testimony that defendant removed a knife from his pocket immediately before asking for money is legally sufficient to establish that defendant possessed a dangerous instrument" (People v Simmons, 128 AD3d 1379, 1379 [4th Dept 2015], lv denied 26 NY3d 935 [2015]). Further, the jury could have reasonably concluded that, by doing so, defendant was making an implied threat to use the knife against the victim (see id. at 1380; People v Espada, 94 AD3d 451, 452 [1st Dept 2012], lv denied 19 NY3d 1025 [2012]; People v Mitchell, 59 AD3d 739, 739-740 [2d Dept 2009], lv denied 12 NY3d 918 [2009]). "[A]ny inconsistency between the victim's trial testimony and the victim's testimony from prior proceedings was not so great as to render his trial testimony incredible as a matter of law" (Simmons, 128 AD3d at 1380). Contrary to defendant's additional contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Johnson, 105 AD3d 1452, 1452-1453 [4th Dept 2013], lv denied 21 NY3d 1016 [2013]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court