People v Cossette (2021 NY Slip Op 06285)





People v Cossette


2021 NY Slip Op 06285


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


956 KA 20-00598

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS COSSETTE, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
MARCUS COSSETTE, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 12, 2019. The judgment convicted defendant upon a plea of guilty of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]). As an initial matter, we conclude that defendant's waiver of the right to appeal is invalid inasmuch as both the signed written waiver of the right to appeal and the oral waiver colloquy mischaracterized the nature of the right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Jones, 186 AD3d 1069, 1070 [4th Dept 2020]).
Defendant contends in his pro se supplemental brief that the evidence is legally insufficient to support the conviction. However, defendant forfeited that contention by pleading guilty (see People v Weakfall, 151 AD3d 1966, 1966 [4th Dept 2017]; People v Feidner, 109 AD3d 1086, 1086 [4th Dept 2013]). Indeed, "it would be logically inconsistent to permit a defendant to enter a plea of guilty based on particular admitted facts, yet to allow that defendant contemporaneously to reserve the right to challenge on appeal the sufficiency of those facts to support a conviction, had there been a trial" (People v Plunkett, 19 NY3d 400, 405-406 [2012]). Further, defendant's challenge in his pro se supplemental brief to the weight of the evidence is " 'inapplicable' inasmuch as he was convicted upon his plea of guilty, rather than upon a verdict following a trial" (Feidner, 109 AD3d at 1086; cf. People v Danielson, 9 NY3d 342, 349 [2007]).
Contrary to defendant's contentions in his main and pro se supplemental briefs, we conclude that the sentence is not unduly harsh or severe. We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court