■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN C. SONBERG, Appellant. [878 NYS2d 845]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 14, 2008. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea on the ground that it was not voluntarily, knowingly and intelligently entered because he was mentally incompetent at that time. We reject defendant's contention. Although the record establishes that defendant was being treated for medical conditions with prescription medications, "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" when he entered the plea (*People v Alexander*, 97 NY2d 482, 486 [2002]; *see People v Nudd*, 53 AD3d 1115 [2008], *lv denied* 11 NY3d 834 [2008]). Indeed, when the court asked defendant whether the medication he was taking affected his ability to think clearly, defendant responded in the negative. The court also asked defendant whether he had sufficient time to discuss the matter with his attorney and whether he was in good physical and mental condition, and defendant responded in the affirmative. Even if we were to credit the contention of defendant that he had taken the wrong medication on the day he entered his plea, we nevertheless would conclude on the record before us that he was not thereby "so stripped . . . of orientation or cognition that he lacked the capacity to plead guilty" (*Alexander*, 97 NY2d at 486). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.