■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID C. CONNOLLY, Appellant. [894 NYS2d 694]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered October 19, 2007. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject the contention of defendant that the record of the plea proceeding fails to establish that he knowingly, intelligently and voluntarily waived the right to appeal. "Defendant's responses to County Court's questions unequivocally established that defendant understood the proceedings and was voluntarily waiving the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164 [2005], *lv denied* 5 NY3d 762 [2005]). His valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Diaz*, 62 AD3d 1252 [2009], *lv denied* 12 NY3d 924 [2009]). It also encompasses his challenge to the factual sufficiency of the plea allocution with respect to the intent element of manslaughter in the first degree and his potential defense of lack of criminal responsibility (*see People v Morales*, 43 AD3d 1384 [2007], *lv denied* 9 NY3d 1008 [2007]; *People v Winchester*, 38 AD3d 1336, 1337 [2007], *lv denied* 9 NY3d 853 [2007]). In addition, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Moorer*, 63 AD3d 1590 [2009], *lv denied* 13 NY3d 837 [2009]). Although defendant initially denied that he intended to cause serious physical

injury to the victim, the court fulfilled its obligation to conduct further inquiry with respect thereto, whereupon defendant admitted having that intent (*see Lopez*, 71 NY2d at 666; *Moorer*, 63 AD3d at 1590-1591).

The contention of defendant that the plea was not voluntarily entered survives his waiver of the right to appeal, but defendant failed to preserve that contention for our review because, as noted, he failed to move to withdraw the plea or to vacate the judgment of conviction (*see Diaz*, 62 AD3d 1252 [2009]). In any event, that contention is lacking in merit. Nothing in the record of the plea proceeding suggests that defendant's diabetic condition interfered with defendant's ability to understand the proceeding and, indeed, defendant assured the court that he was in good condition, both mentally and physically (*see People v Quinones*, 63 AD3d 759, 760 [2009], *lv denied* 13 NY3d 799 [2009]; *People v Sonberg*, 61 AD3d 1350 [2009], *lv denied* 13 NY3d 800 [2009]). Contrary to the further contention of defendant, the information in the presentence report and presentence memorandum concerning his medical condition "did not obligate the court to conduct a sua sponte inquiry" into a possible defense (*People v Kelly*, 50 AD3d 921, 921 [2008], *lv denied* 10 NY3d 960 [2008]; *see People v Sands*, 45 AD3d 414 [2007], *lv denied* 10 NY3d 816 [2008]; *People v Bonilla*, 299 AD2d 934, 935 [2002], *lv denied* 99 NY2d 580 [2003]). Present—Smith, J.P., Fahey, Carni and Green, JJ.