THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATKINS, Appellant. [909 NYS2d 233]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 5, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a guilty plea, of robbery in the first degree (Penal Law § 160.15 [3]). Although the contention of defendant that his plea was not knowing, intelligent, or voluntary survives his waiver of the right to appeal, "defendant failed to preserve that contention for our review because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (*People v Connolly*, 70 AD3d 1510, 1511 [2010], *lv denied* 14 NY3d 886 [2010]). In any event, defendant's contention lacks merit. During the plea colloquy, defendant denied having any mental or physical impairments, and the record establishes that defendant understood the nature and consequences of his ac-

tions (*see id.*; *People v Sonberg*, 61 AD3d 1350 [2009], *lv denied* 13 NY3d 800 [2009]). Similarly, the record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

We reject the further contention of defendant that County Court erred in failing to rule on his pro se motion for substitution of counsel or to engage in further inquiry into the nature of his dispute with his attorney. Although the court should have expressly denied defendant's motion on the record, we conclude that the record is sufficient to establish conclusively that the motion was implicitly denied. With respect to defendant's contention that the court should have engaged in further inquiry into the nature of the dispute between defendant and his attorney, we conclude that defendant's conclusory assertion that defense counsel was not "sufficiently do[ing] his job" failed to "suggest a serious possibility of good cause for substitution [of counsel]" (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341 [2005] [internal quotation marks omitted], *lv denied* 6 NY3d 757 [2005]; *see People v Linares*, 2 NY3d 507, 511 [2004]; *People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794 [1995]).

The contention of defendant that he was denied his right to testify before the grand jury "is 'foreclosed by defendant's valid waiver of the right 'to appeal as well as by defendant's plea of guilty' " (*People v Frazier*, 63 AD3d 1633, 1633 [2009], *lv denied* 12 NY3d 925 [2009]). In addition, defendant's conclusory allegations that the grand jury was improperly constituted are insufficient to raise a due process claim because defendant offered no evidence that the Oneida County Court systematically engaged in discriminatory practices during the selection of grand juries (*see People v Vasquez*, 61 AD3d 1109, 1111 [2009]; *People v McFadden*, 244 AD2d 887, 889 [1997]). To the extent that the contention of defendant that he did not receive effective assistance of counsel survives his plea of guilty and valid waiver of the right to appeal (*see People v Wright*, 66 AD3d 1334 [2009], *lv denied* 13 NY3d 912 [2009]), we conclude that it is lacking in merit. Defense counsel secured a plea offer that included a sentence that was at the lower end of the sentencing guidelines, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). Although defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to investigate further both into defendant's mental state and the constitutionality of defendant's predicate felony conviction, we note that defendant has provided no indication that any such

investigation would have produced a successful result, and "[i]t is well established that [t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (*People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007] [internal quotation marks omitted]).

The request by defendant that we exercise our "interest-of-justice authority" to reduce his sentence is foreclosed by his waiver of the right to appeal (*Lopez*, 6 NY3d at 255). We reject defendant's request for a reduction in mandatory surcharges, crime victim assistance fees, and DNA databank fees. We agree with defendant that the court erred in stating during the plea colloquy that it would impose fees in the amount of $320 rather than in the amount of $375 (*see* Penal Law § 60.35 [1] [a] [i], [v]; Executive Law § 995). Nevertheless, the Court of Appeals has made clear that such fees are not "components of a defendant's sentence" (*People v Hoti*, 12 NY3d 742, 743 [2009]), and we thus conclude that the court's imposition of the correct amount of fees at the time of sentencing rectified the court's erroneous statement during the plea colloquy. Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.