■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. DASH, Also Known as JOSEPH DASH, Appellant. [940 NYS2d 505]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 12, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a guilty plea, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant failed to preserve for our review his contention that his plea was not voluntarily entered "because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (*People v Connolly*, 70 AD3d 1510, 1511 [2010], *lv denied* 14 NY3d 886 [2010]). In any event, that contention lacks merit. The record of the plea colloquy establishes that defendant stated that he had not consumed drugs or alcohol, that he had not been coerced into entering the plea, and that he was not promised anything in exchange for his guilty plea. Indeed, he expressly stated that he was entering the plea voluntarily after having sufficient time to consult with his attorney. "[T]he record [thus] establishes that defendant understood the nature and consequences of his actions" (*People v Watkins*, 77 AD3d 1403, 1403-1404 [2010], *lv denied* 15 NY3d 956 [2010]). Defendant also failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). That

challenge lacks merit in any event, inasmuch as his factual admissions during the plea colloquy, coupled with his written confession that was admitted in evidence during the plea proceeding, sufficiently established his guilt of the crime to which he pleaded guilty.

Finally, we reject defendant's contention that County Court erred in refusing to suppress an identification of defendant based on an allegedly suggestive photo array identification procedure. The People met their initial burden of establishing the reasonableness of the police conduct with respect to the identification procedure in question, and defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Present—Scudder, P.J., Smith, Carni and Sconiers, JJ.