# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**312**
**KA 10-01159**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH D. DASH, ALSO KNOWN AS JOSEPH DASH,
DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered April 12, 2010. The judgment convicted
defendant, upon his plea of guilty, of attempted burglary in the
second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a guilty plea, of attempted burglary in the second degree (Penal
Law §§ 110.00, 140.25 [2]). Defendant failed to preserve for our
review his contention that his plea was not voluntarily entered
"because . . . he failed to move to withdraw the plea or to vacate the
judgment of conviction" (*People v Connolly*, 70 AD3d 1510, 1511, *lv
denied* 14 NY3d 886). In any event, that contention lacks merit. The
record of the plea colloquy establishes that defendant stated that he
had not consumed drugs or alcohol, that he had not been coerced into
entering the plea, and that he was not promised anything in exchange
for his guilty plea. Indeed, he expressly stated that he was entering
the plea voluntarily after having sufficient time to consult with his
attorney. "[T]he record [thus] establishes that defendant understood
the nature and consequences of his actions" (*People v Watkins*, 77 AD3d
1403, 1403-1404, *lv denied* 15 NY3d 956). Defendant also failed to
preserve for our review his challenge to the factual sufficiency of
the plea allocution (*see People v Lopez*, 71 NY2d 662, 665). That
challenge lacks merit in any event, inasmuch as his factual admissions
during the plea colloquy, coupled with his written confession that was
admitted in evidence during the plea proceeding, sufficiently
established his guilt of the crime to which he pleaded guilty.

Finally, we reject defendant's contention that County Court erred
in refusing to suppress an identification of defendant based on an

allegedly suggestive photo array identification procedure.  The People met their initial burden of establishing the reasonableness of the police conduct with respect to the identification procedure in question, and defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833).

Entered:  March 23, 2012                        Frances E. Cafarell
                                                Clerk of the Court