# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1385**

**KA 12-00207**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERENCE HAMPTON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 5, 2012.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of 15 years and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]).  He was sentenced, as a second felony offender, to a determinate term of incarceration of 24 years to be followed by a five-year period of postrelease supervision.  We reject defendant's contention that Supreme Court erred in failing to rule on his pretrial request for substitution of counsel.  "Although the court should have expressly denied defendant's motion on the record, we conclude that the record is sufficient to establish conclusively that the motion was implicitly denied" (*People v Watkins*, 77 AD3d 1403, 1404, *lv denied* 15 NY3d 956).  Moreover, we conclude that the court adequately "inquir[ed] into the nature of the disagreement [and] its potential for resolution" (*People v Hobart*, 286 AD2d 916, 916, *lv denied* 97 NY2d 683 [internal quotation marks omitted]).  That disagreement primarily arose from defense counsel's refusal to make a motion to dismiss the indictment pursuant to CPL 30.30, which in fact was frivolous.  The court in any event allowed defendant to make the CPL 30.30 motion on a pro se basis, and denied the motion.  The court properly declined to inquire into the remaining grounds for defendant's request for substitution of counsel because his assertions "failed to suggest a serious possibility of good cause for substitution" (*Watkins*, 77 AD3d at 1404 [internal quotation marks omitted]).  "[I]nasmuch as defendant did not

subsequently express dissatisfaction with defense counsel or renew his request for new counsel," we conclude that defendant thereafter abandoned any further request for substitution of counsel (*People v Bennett*, 94 AD3d 1570, 1571, *lv denied* 19 NY3d 994, *reconsideration denied* 19 NY3d 1101).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to the issue of identification (*see generally People v Bleakley*, 69 NY2d 490, 495). "The jury's resolution of credibility and identification issues is entitled to great weight . . . , and it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Mobley*, 49 AD3d 1343, 1345, *lv denied* 11 NY3d 791 [internal quotation marks omitted]). Finally, we agree with defendant that the sentence is unduly harsh and severe, particularly inasmuch as defendant had no prior history of violent crime and is relatively young. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed to a determinate term of imprisonment of 15 years, to be followed by the five-year period of postrelease supervision previously imposed.

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court