People v Carew (2018 NY Slip Op 08947)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Carew

2018 NY Slip Op 08947

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-12252
(Ind. No. 1080/14)

[*1]The People of the State of New York, respondent,
vTerrance Carew, appellant.

Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel Blumenfeld, J.), rendered December 7, 2015, convicting him of attempted murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the second round of jury selection, after the 12th juror was seated, the Supreme Court granted the defendant's challenge, made pursuant to Batson v Kentucky (476 US 79), to the prosecutor's use of peremptory challenges for two potential jurors in the first round of jury selection, and offered to seat those potential jurors as alternates. However, after it was discovered that the two potential jurors had already been excused, jury selection continued, without the court imposing any alternative remedy. As defense counsel did not request any alternative remedy when it became apparent that the two potential jurors at issue had been excused, and did not object when jury selection continued thereafter, the defendant's contention that the court erred in failing to impose any alternative remedy is unpreserved for appellate review (see CPL 470.05[2]; People v James, 99 NY2d 264, 266; People v Hopkins, 76 NY2d 872, 873; People v Butler, 15 AD3d 415, 415-416). Moreover, contrary to the defendant's contention, the alleged error was not so fundamental as to constitute a mode of proceedings error exempting him from the rules of preservation (see People v Mack, 27 NY3d 534, 541; People v James, 99 NY2d 264, 272; see also People v Augustus, 163 AD3d 981; People v Wilson, 163 AD3d 881; People v Casanova, 62 AD3d 88, 91). We decline to review the defendant's contention in the exercise of our interest of justice jurisdiction.
There is no merit to the defendant's contention that the Supreme Court improperly denied his request for substitution of assigned counsel without making a sufficient inquiry to determine the validity of his claim. The court made a sufficient inquiry into the defendant's criticisms of assigned counsel, provided a solution to address the defendant's concerns, and thereafter, in effect, providently denied the defendant's request for substitution of assigned counsel (see People v Porto, 16 NY3d 93, 100-101; People v King, 161 AD3d 772; People v Smart, 142 AD3d 513, 514, affd 29 NY3d 1098; People v Hampton, 113 AD3d 1131, 1132).
The defendant's contention that the DNA evidence presented at trial violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction.
The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the record in its totality establishes that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). The defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Benevento, 91 NY2d at 712 [internal quotation marks and citation omitted]; see People v Taylor, 1 NY3d 174, 176).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court