People v Ramos-Perez (2020 NY Slip Op 06902)





People v Ramos-perez


2020 NY Slip Op 06902


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


929 KA 18-00720

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JULIO Z. RAMOS-PEREZ, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 14, 2017. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [3]). Although defendant's contention that his plea was coerced by statements made by County Court or was otherwise involuntarily entered survives his waiver of the right to appeal (see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]; People v Watkins, 77 AD3d 1403, 1403 [4th Dept 2010], lv denied 15 NY3d 956 [2010]), "defendant failed to preserve that contention for our review because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (People v Connolly, 70 AD3d 1510, 1511 [4th Dept 2010], lv denied 14 NY3d 886 [2010]; see Watkins, 77 AD3d at 1403). In any event, that contention lacks merit. Defendant's contention "is belied by [his] responses to the court's questions during the plea colloquy, indicating that he was pleading guilty voluntarily and that no threats or promises had induced the plea" (People v Jenkins, 117 AD3d 1528, 1528-1529 [4th Dept 2014], lv denied 23 NY3d 1063 [2014] [internal quotation marks omitted]; see People v Toliver, 82 AD3d 1581, 1582 [4th Dept 2011], lv denied 17 NY3d 802 [2011], reconsideration denied 17 NY3d 862 [2011]). During the plea colloquy, defendant also acknowledged, inter alia, that he had sufficient time to review the plea offer with his attorney. Moreover, the record establishes that defendant had several weeks to consider the plea offer, that defendant and his attorney were in agreement that defendant should avail himself of the plea offer, and that defendant understood the nature and consequences of his actions (see generally Watkins, 77 AD3d at 1403-1404).
Finally, we agree with defendant that, as the People correctly concede, his waiver of the right to appeal does not encompass his challenge to the severity of the sentence inasmuch as "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" (People v Tomeno, 141 AD3d 1120, 1120 [4th Dept 2016], lv denied 28 NY3d 974 [2016] [internal quotation marks omitted]; see People v Maracle, 19 NY3d 925, 928 [2012]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court