People v Tsintzelis (2022 NY Slip Op 50045(U))

[*1]

People v Tsintzelis (George)

2022 NY Slip Op 50045(U) [74 Misc 3d 126(A)]

Decided on January 7, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 7, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1076 Q CR

The People of the State of New York,
Respondent,
against
George Tsintzelis, Appellant. 

New York City Legal Aid Society (Tomoeh Murakami Tse of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Jordan LoCascio of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Karen Gopee, J.), rendered July 12, 2018. The judgement convicted defendant, upon his plea of
guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Upon a review of the record, we find no merit to defendant's sole appellate contention that
the statements made by a judge, at a calendar call which took place almost five months prior to
defendant's plea of guilty before a different judge, were coercive and rendered his subsequent
guilty plea involuntary as a matter of law. Defendant's responses to the court's inquiries during
the plea proceeding show that his plea of guilty was knowingly, voluntarily and intelligently
made (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Callahan,
80 NY2d 273, 283 [1992]), and that no threats or promises had induced the plea (see People v
Ramos-Perez, 188 AD3d 1741, 1742 [2020]; People v Jenkins, 117 AD3d 1528,
1528 [2014]). Also, there was nothing in the plea allocution that casts significant doubt on
defendant's guilt (see People v Toxey, 86 NY2d 725 [1995]). 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 7, 2022