People v Yanga (2023 NY Slip Op 00599)

People v Yanga

2023 NY Slip Op 00599

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1016 KA 21-00728

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMBE YANGA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered April 13, 2021. The judgment convicted defendant upon a plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). In appeal No. 2, he appeals from a judgment convicting him upon a plea of guilty of attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the second degree (§ 120.05 [2]), and criminal possession of a weapon in the second degree
(§ 265.03 [3]). In appeal No. 3, he appeals from a judgment convicting him upon a plea of guilty of two counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). In appeal No. 4, he appeals from a judgment convicting him upon a plea of guilty of criminal possession of stolen property in the fourth degree (§ 165.45 [5]). The four pleas were taken during one proceeding.
Defendant contends in each of the four appeals that his plea was involuntary because, during the plea colloquy, the court did not advise him that he would be forfeiting his right against self-incrimination by pleading guilty. We conclude that defendant "failed to preserve that contention for our review because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (People v Connolly, 70 AD3d 1510, 1511 [4th Dept 2010], lv denied 14 NY3d 886 [2010]; see People v Ramos-Perez, 188 AD3d 1741, 1742 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]). In any event, defendant's contention is without merit. After reviewing the record as a whole and the circumstances of the plea in its totality, we conclude that the plea was knowing, intelligent, and voluntary (see People v Barnes, 206 AD3d 1713, 1714-1715 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]).
Finally in appeal No. 3, we note that the certificate of conviction incorrectly reflects that defendant was convicted of one count of criminal possession of a controlled substance in the seventh degree, and it must therefore be amended to reflect that he was convicted of two counts of criminal possession of a controlled substance in the seventh degree (see People v Raghnal, 185 AD3d 1411, 1414 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court