People v Harrison (2025 NY Slip Op 05377)

People v Harrison

2025 NY Slip Op 05377

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

661 KA 23-01686

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON S. HARRISON, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Arthur B. Williams, J.), rendered September 12, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). We affirm. Assuming, arguendo, that defendant's waiver of the right to appeal is invalid or otherwise does not encompass his challenge to the severity of the sentence (see People v Odle, 233 AD3d 1502, 1503 [4th Dept 2024], lv denied 43 NY3d 965 [2025]; People v Ramos-Perez, 188 AD3d 1741, 1742 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]; People v Nicpon, 170 AD3d 1501, 1501 [4th Dept 2019]), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court